THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**DEVERICK SCOTT, ADC #131042**                                                              **PLAINTIFF**

v.                             Case No. 4:20-cv-00077-KGB-BD

**ESTELLA BLAND**                                                                                   **DEFENDANT**

## ORDER

Before the Court is the Partial Recommended Disposition submitted by United States Magistrate Judge Beth Deere on June 9, 2020 (Dkt. No. 25). The relevant procedural history is as follows. Plaintiff Deverick Scott is presently confined at the Varner/Varner Supermax Unit ("VSU") of the Arkansas Department of Correction ("ADC") in Grady, Arkansas. On January 21, 2020, Mr. Scott, proceeding *pro se*, filed a complaint against numerous correctional officers and medical personnel at the VSU (Dkt. No. 2). Mr. Scott filed an amended complaint on February 12, 2020 (Dkt. No. 5), and a second amended complaint on March 16, 2020 (Dkt. No. 7), which is the operative pleading in this case. On April 7, 2020, the Court dismissed, without prejudice, Mr. Scott's claims against all defendants, except for his deliberate-indifference claims against defendant Estella Bland (Dkt. No. 10).

On May 12, 2020, Nurse Bland filed a motion for partial summary judgment, arguing that Mr. Scott "completed the ADC inmate grievance process as to one grievance against Defendant Bland – grievance number VSM19-01862, which concerned one clinical encounter on July 5, 2019," and that Mr. Scott "failed to administratively exhaust any other claim against Defendant Estelle Bland related to the instant lawsuit." (Dkt. No. 17, ¶ 5). Mr. Scott filed a response in opposition to the motion on June 1, 2020 (Dkt. No. 21), to which Nurse Bland replied on June 8, 2020 (Dkt. No. 24). On June 9, 2020, Judge Deere issued a Partial Recommended Disposition,

recommending that the Court grant Nurse Bland's motion for partial summary judgment and that Mr. Scott's claims against Nurse Bland "be limited to those raised in grievance VSM19-1862 regarding his July 5, 2019 clinical encounter with Defendant Bland." (Dkt. No. 25, at 5).

On June 26, 2020, Mr. Scott filed objections to Judge Deere's Partial Recommended Disposition (Dkt. No. 26). In his objections, Mr. Scott also requests that Correct Care Solutions be added as a defendant in this action (*Id.*, at 2–3). Thereafter, Mr. Scott filed a motion to compel, for order, and for discovery sanctions (Dkt. No. 27).

After careful consideration of the Partial Recommended Disposition and Mr. Scott's objections thereto, as well as a *de novo* review of the record, the Court finds no reason to alter or reject Judge Deere's conclusions.

The Court writes separately to address briefly Mr. Scott's objections. In his objections, Mr. Scott advances largely the same arguments raised in his briefing before Judge Deere. Specifically, Mr. Scott argues that he was not required to appeal grievance number VSM19-01159 to the Deputy Director for Health and Correctional Programs because it was found to be with merit. However, the ADC's grievance policy provides for an appeal if an inmate is not satisfied, and Mr. Scott wanted further relief, as demonstrated by his notation in the appeal (which was rejected as untimely) (Dkt. No. 18-3, at 30). Complete exhaustion was, therefore, required, "regardless of the relief offered through administrative procedures." *Booth v. Churner*, 532 U.S. 731, 741 (2001) (citing *McCarthy v. Madigan*, 503 U.S. 140, 144 (1992)). This may seem like a harsh result, but it is required by precedent. *See Robinson v. Straughn*, No. 5:19-CV-10-DPM, 2019 WL 3891018, at *1 (E.D. Ark. Aug. 16, 2019) (finding that a prisoner failed to exhaust his administrative remedies because he did not appeal a grievance that was found to be with merit), *appeal dismissed*, No. 19-3542, 2019 WL 8884236 (8th Cir. Dec. 5, 2019).

Accordingly, the Court adopts the Partial Recommended Disposition in its entirety as this Court's findings of fact and conclusions of law (Dkt. No. 25). The Court grants Nurse Bland's motion for partial summary judgment (Dkt. No. 17) and dismisses, without prejudice, Mr. Scott's claims against Nurse Bland, except for those raised in grievance number VSM19-01862 involving Mr. Scott's July 5, 2019, clinical encounter with Nurse Bland. The Court refers Mr. Scott's request to have Correct Care Solutions added as a defendant in this action to Judge Deere (Dkt. No. 26, at 2–3). The Court directs the Clerk of Court to send to Mr. Scott a copy of its April 7, 2020, Order adopting Judge Deere's March 18, 2020, Partial Recommended Disposition (Dkt. No. 10). Mr. Scott's motion to certify that Order for interlocutory appeal is denied (Dkt. No. 27). The Court refers all other issues raised in Mr. Scott's July 22, 2020, motion to Judge Deere.

It is so ordered this 26th day of January, 2021.

_Kristine G. Baker_
Kristine G. Baker
United States District Judge