## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

**DEVERICK SCOTT**                                                      **PLAINITFF**
**ADC #131042**

**V.**                          **NO. 4:20-cv-00077-KGB-ERE**

**ESTELLA BLAND**                                                      **DEFENDANT**

### RECOMMENDED DISPOSITION

## I.    Procedure for Filing Objections:

This Recommendation for the dismissal of Mr. Scott's claims has been sent to Judge Kristine G. Baker. Any party may file objections with the Clerk of Court if they disagree with the findings or conclusions set out in this Recommendation. To be considered, objections must be filed within 14 days. Objections should be specific and should include the factual or legal basis for the objection.

If the parties do not file objections, they risk waiving the right to appeal questions of fact. And, if no objections are filed, Judge Baker can adopt this Recommendation without independently reviewing the record.

## II.    Background:

Plaintiff Deverick Scott, an Arkansas Division of Correction (ADC) inmate, filed this 42 U.S.C. § 1983 lawsuit without the help of a lawyer. *Docs. 2, 5, 7.* The only claim before the Court is Mr. Scott's claim that Defendant Estella Bland was deliberately indifferent to his serious medical needs during a July 5, 2019 clinical

encounter.[1]

Defendant Bland has now filed a motion for summary judgment, statement of undisputed facts, and brief in support of her motion. *Docs. 39, 40, 41.* Mr. Scott has now responded to the motion. *Docs. 45, 46, 47.*

## III.  <u>Discussion</u>:

### A.    Standard

Summary judgment is appropriate when the record, viewed in a light most favorable to the nonmoving party, demonstrates that there is no genuine dispute as to any material fact, and the moving party is entitled to judgment as a matter of law. See FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby Inc*., 477 U.S. 242, 249-50 (1986). The moving party bears the initial burden of demonstrating the absence of a genuine dispute of material fact. *Celotex*, 477 U.S. at 323. Once that has been done, the nonmoving party must present specific facts demonstrating that there is a material dispute for trial. See FED. R. CIV. P. 56(c); *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011). A party is entitled to summary judgment if - but only if - the evidence shows that there is no genuine dispute about any fact important to the outcome of the case. See FED. R. CIV. P. 56; *Odom v. Kaizer*, 864 F.3d 920, 921 (8th Cir. 2017). Because

---

[1] The Court previously dismissed all other claims Mr. Scott raised in this lawsuit. *Docs. 10, 32.*

Defendant Bland is the moving party, the Court will construe any disputed facts in a light favorable to Mr. Scott.

      B.     Factual Background

On June 25, 2019, Nurse Jones examined Mr. Scott based on his complaints of orthopedic pain. *Doc. 40-1 at p.1.* Nurse Jones contacted Dr. Smith. Dr. Smith issued Mr. Scott a 30-day prescription for duloxetine (Cymbalta) for pain.

On July 1, 2019, Nurse Jones again examined Mr. Scott. *Doc. 40-1 at p.3.* At that time, Mr. Scott requested: (1) a colonoscopy "to check for colon cancer" and (2) an authorization for double handcuffs. Nurse Jones told Mr. Scott that he did not meet the clinical criteria for a colonoscopy. She referred Mr. Scott's request for a double-handcuff authorization to a provider. Nurse Jones also contacted Dr. Smith. Dr. Smith issued Mr. Scott a 90-day prescription for Cymbalta. Finally, Nurse Jones noted that Mr. Scott "denied any symptoms or medical complaints" at that time.

On July 5, 2019, Defendant Bland examined Mr. Scott based on his request for a double-handcuff authorization. *Doc. 40-1 at p.5.* Defendant Bland noted that: (1) Mr. Scott was presently in a single pair of handcuffs; (2) his posture was "erect"; (3) his shoulder heights were equal; (4) there was "no scapular winging"; (5) the handcuffs were not "imprinting" Mr. Scott's wrists; and (6) there was "ample slack [] noted across the shoulders." *Id*. Accordingly, Defendant Bland concluded that there was no medical indication for a double-handcuff authorization. At that time,

Mr. Scott was taking naproxen for pain. *Doc. 40-2 at p.13.*

On July 9, 2019, Dr. Smith prescribed Mr. Scott Meloxicam for pain. *Doc. 40-2 at p.12.*

C.    Deliberate-Indifference Claim

Deliberate indifference to a prisoner's serious medical needs constitutes the unnecessary and wanton infliction of pain and violates the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (omitting quotations and citation). An inadvertent or negligent failure to provide adequate medical care does not amount to deliberate indifference. Negligence, even gross negligence, is not deemed "an unnecessary and wanton infliction of pain." *Estelle*, 429 U.S. at 105. Likewise, disagreement with treatment decisions cannot support a deliberate indifference claim. *Gibson v. Weber*, 433 F.3d 642, 646 (8th Cir. 2006); *see also Dulany v. Carnahan*, 132 F.3d 1234, 1239-40 (8th Cir. 1997) (where medical records show that treatment was provided; and physician affidavits state that the care was adequate, an inmate's belief that she did not receive adequate care is insufficient to create disputed material fact). Stated another way, Defendant Bland can be held liable only if her actions were "so inappropriate as to evidence intentional maltreatment or a refusal to provide essential care." *Dulany*, 132 F.3d at 1240-1241 (citing *Smith v. Jenkins*, 919 F.2d 90, 93 (8th Cir. 1990)); *see also Allard v. Baldwin*, 779 F.3d 768, 771-72 (8th Cir. 2015) (to prevail on Eighth Amendment Claim,

inmate must show that defendants' mental state was akin to criminal recklessness). Mr. Scott "must clear a substantial evidentiary threshold" to show that Defendant Bland acted with deliberate indifference. *Johnson v. Leonard*, 929 F.3d 569, 576 (8th Cir. 2019).

During his deposition, Mr. Scott raised three complaints with regard to his July 5 encounter with Defendant Bland.  He questioned whether: (1) Defendant Bland should have referred him for a colonoscopy; (2) she should have prescribed him pain medication; and (3) she should have issued him a double-handcuff authorization. *Doc. 40-2 at p.9.*

Defendant Bland attaches to her motion the affidavit of Chris Horan, a physician licensed to practice in the State of Arkansas and the Regional Medical Director for Wellpath. *Doc. 40-3.* After reviewing Mr. Scott's medical records, Dr. Horan concluded that Mr. Scott "had appropriate access to healthcare and that he was provided with appropriate care and treatment for his complaints on July 5, 2019." *Doc. 40-3 at p.3.*

Furthermore, during his deposition, although Mr. Scott testified that he had not received pain medication on July 5, 2019, he also admitted that he had active orders for pain medication during the time period in question. *Doc. 40-2 at pp.32-34, 36.*

At the summary judgment stage, Mr. Scott's unsupported assertions that Defendant Bland was deliberately indifferent are insufficient. "'When the movant makes a prima facie showing of entitlement to summary judgment, the respondent must discard the shielding cloak of formal allegations and meet proof with proof by showing a genuine issue as to a material fact.'" *Conseco Life Ins. Co. v. Williams*, 620 F.3d 902, 909 (8th Cir. 2010) (quoting *Flentje v. First Nat'l Bank of Wynne*, 11 S.W.3d 531, 539 (2000)).

Here, Mr. Scott has not come forward with any evidence from which a fact-finder could conclude that the treatment decisions made by Defendant Bland at the July 5 encounter were even arguably criminally reckless. Furthermore, he has failed to come forward with any evidence that any alleged delay in treatment actually caused a detrimental effect on his prognosis. See *Gibson v. Weber*, 433 F.3d 642, 646-47 (8th Cir. 2006) (an inmate claiming that his medical care was inadequate because of a delay in treatment must place verifying medical evidence in the record to establish the detrimental effect of the alleged delay in treatment). Finally, Mr. Scott has not come forward with any evidence contradicting Dr. Horan's testimony.

Based on a review of Mr. Scott's medical records, medical staff continued to examine him and provide him pain medication during the time period in question. Such conduct could hardly be characterized as deliberate indifference. Although Mr. Scott may disagree with the treatment decisions made by the medical staff, a

disagreement in treatment cannot support a deliberate-indifference claim. Accordingly, Defendant Bland is entitled to judgment as a matter of law on this claim.

**III.  <u>Conclusion</u>:**

The Court recommends that Defendant Bland's motion for summary judgment *(Doc. 39)* be GRANTED. Defendant Bland is entitled to judgment as a matter of law. Mr. Scott's claims against Defendant Bland should be DISMISSED, with prejudice.

DATED this 4th day of August, 2021.


_____

UNITED STATES MAGISTRATE JUDGE